## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**XEZAKIA ROUSE,**

     **Petitioner,**

**v.**                                    **Case No. 1:11-cv-405 JCH/DJS**

**ANTHONY ROMERO,**

     **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings* [Doc. 2], filed May 11, 2011, this matter was referred to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. The Court recommends: (1) the Petition [Doc. 3], be DENIED; (2) Petitioner's requests for injunctive relief [Docs. 8, 31] be DENIED; (3) Petitioner's Motion for Summary Judgment [Doc. 32] be DENIED; (4) Petitioner's Motion for Default Judgment [Doc. 40] be DENIED; and (5) this case be DISMISSED with prejudice.

## I.    BACKGROUND

Petitioner Rouse is incarcerated in New Mexico pursuant to a New Mexico state court judgment. In this proceeding he seeks habeas relief under 28 U.S.C. § 2254.

Mr. Rouse plead no contest in state court on March 16, 2011, and was adjudged guilty in Case No. CR 2007-04768 of the unlawful taking of a motor vehicle ($2,500 or more), a third degree

---

[1]Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

felony. [Doc. 20-1 at 1.] He was found to be a habitual offender and sentenced to a term of seven years, with three of the years suspended, for an actual term of imprisonment of four years. [Id.] The trial court judge ordered the sentence be served concurrently with a California sentence Mr. Rouse was then serving, and recommended he be transferred to serve his sentence in a California prison facility. [Id.]

Mr. Rouse's Petition asserts six grounds for habeas relief: (1) he was denied his right to a speedy trial under the Interstate Agreement on Detainers (IAD); (2) California has jurisdiction and New Mexico refuses to return him there; (3) he has not been given full credit for all pre-sentence confinement; (4) California officials failed to provide him with proper information to handle New Mexico warrants; (5) ineffective assistance of counsel; and (6) New Mexico is attempting to have California place a detainer on him. Mr. Rouse has also moved for summary judgment [Doc. 32] and default judgment [Doc. 40]. Respondent does not address the merits of Mr. Rouse's claims, but contends he failed to file a direct appeal and the Petition should therefore be dismissed without prejudice for failure to exhaust state court remedies. [Doc. 20 at 1, 5.]

## II.    DISCUSSION

### A.    Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Mr. Rouse will be entitled to habeas relief only if he can establish that the state courts' resolution of any claims adjudicated on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

State prisoners also must satisfy an exhaustion requirement. The applicant generally may

not raise a claim for federal habeas corpus relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  To exhaust a claim, a habeas applicant must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To meet the exhaustion requirement, the claim must be presented to the state courts in such a manner that the court is alerted to its federal nature.  *Baldwin v. Reese*, 541 U.S. 27, 30–31 (2004).  Fair presentation requires that the federal issue be presented properly to the highest state court, either by direct review of the conviction or in a post-conviction attack.  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Exceptions to the exhaustion requirement exist where "there is an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

The Court may deny a claim on the merits in some circumstances notwithstanding the applicant's failure to exhaust.  28 U.S.C. § 2254(b)(2); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (holding that individual, unexhausted claims may be denied if the result allows the court to deny the entire petition on the merits).  "[A] district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."  *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted).

### B.    Exhaustion

Respondent contends Mr. Rouse failed to exhaust his state court remedies.  Mr. Rouse contends he filed both a notice of appeal and a petition for writ of habeas corpus in the state courts.

Regarding direct appeal, Mr. Rouse states his appointed counsel refused to appeal on his

behalf and he was therefore forced to appeal *pro se*. [Doc. 24 at 2.] He claims he submitted a notice of appeal and docketing statement to the New Mexico Court of Appeals, but they were returned unfiled because his application for free process was not notarized. [Doc. 7 at 14; Doc. 24 at 5–9.]

Mr. Rouse claims he also filed a petition for habeas corpus which was summarily denied by the trial judge on August 23, 2011, while this federal habeas proceeding was pending. [Doc. 43.] Mr. Rouse alleges he petitioned the New Mexico Supreme Court for a writ of certiorari immediately upon the denial of his state habeas petition. [Doc. 45.] Mr. Rouse's alleged state court petition for writ of habeas corpus and the order of summary dismissal are not of record in this federal habeas proceeding.

Liberally construed, Mr. Rouse's pleadings argue that to the extent he has failed to exhaust, the exhaustion requirement should be excused. He claims he is indigent and cannot afford a notary as is allegedly required to take an appeal. [Doc. 24 at 2.] He also argues the lower courts' alleged failure to acknowledge his appellate and habeas issues prevents him from raising these issues in the New Mexico Supreme Court. [Id.]

The Court concludes that five of the six claims Mr. Rouse asserts in his Petition are not cognizable in habeas; the remaining claim is without merit. Therefore, in the interest of economy, for the courts and the parties, the Court recommends the Petition be denied on the merits and dismissed in its entirety notwithstanding Mr. Rouse's alleged failure to exhaust.

### C. Habeas claims

#### 1. Ground One: Denial of IAD speedy trial rights

Mr. Rouse asserts he was serving a sentence in California and due to be released on parole on August 31, 2010. [Doc. 7 at 2.] However, because New Mexico authorities placed a detainer on him on August 2, 2010, he was not released as scheduled but was held in custody by California

authorities and eventually transported to New Mexico where he arrived on September 25, 2010. [Id.]

The New Mexico detainer on Mr. Rouse allegedly was lodged pursuant to the procedures and authority of the IAD.  The IAD is a "congressionally sanctioned interstate compact" to "establish procedures for resolution of one State's outstanding charges against a prisoner of another State."[2]  *New York v. Hill*, 528 U.S. 110, 111 (2000) (citations and quotation marks omitted).  "A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent."  *Id.* (citation omitted).

The IAD provides that after a detainer has been lodged against him, a prisoner may file a request for a final disposition, and that upon such request "shall be brought to trial within one hundred eighty days" subject to continuances for good cause.  NMSA 1978, § 31-5-12, Art. 3A.  The IAD further provides that trial must be had within one hundred twenty days of the prisoner's arrival within the receiving state, also subject to continuances for good cause.  Id., Art. 4C.  If the prisoner is not brought to trial within the appropriate time period after request or after arrival in the receiving state, the indictment, information, or complaint must be dismissed with prejudice. Id., Art. 5C.

Mr. Rouse claims he is entitled to habeas relief because New Mexico failed to bring him to trial within the times prescribed by the IAD.  Specifically, he claims he was brought to trial neither within 180 days from his alleged demand under Article 3 of the IAD, nor within 120 days from his arrival in New Mexico.

---

[2]The IAD is a "federal law subject to federal construction."  *Knox v. Wyo. Dept. of Corr.*, 34 F.3d 964, 966 (10th Cir. 1994) (citations and quotation marks omitted); 18 U.S.C. App. 2.  New Mexico has adopted the IAD.  *See* NMSA 1978, § 31-5-12 (1971).

The Court assumes—solely for purposes of evaluating Mr. Rouse's habeas petition—that New Mexico did not comply with the IAD deadlines.  Even with this assumption in place, Mr. Rouse is not entitled to habeas relief.

The rights afforded by the IAD claims are statutory; they are not fundamental or constitutional.  *Knox v. Wyo. Dept. of Corr.*, 34 F.3d 964, 967 (10th Cir. 1994) (holding that incarceration beyond the 120-day IAD limitation was not cognizable in habeas absent fundamental defect).  IAD claims are therefore grounds for habeas relief only if the case presents "special circumstances" which means "a fundamental defect which inherently results in a complete miscarriage of justice or omissions inconsistent with demands of fair procedure."  *Id.*

Mr. Rouse has not described any prejudicial error that qualifies as a fundamental defect.  According to the facts alleged in his pleadings, New Mexico lodged the detainer on August 2, 2010, he arrived in New Mexico on September 25, 2010, and was sentenced on March 16, 2011.  [Doc. 7 at 2, 6.]  Mr. Rouse claims he made an Article 3 request for disposition, but it is unclear when or how he made the request.  Though he asserts he made the request months before the detainer was lodged [Doc. 11 at 2–3; Doc. 33 at 2], the Court rejects the proposition that Mr. Rouse could make a speedy trial request under the IAD based on the anticipation that a detainer would be lodged at some future date.  Any rights to a speedy a trial did not arise until the detainer was actually pending against him.  NMSA 1978, § 31-5-12, Art. 3A; *see also Hill*, 528 U.S. at 112 (stating prisoner may file a request "after" the detainer is lodged). Thus, the earliest the 180-day IAD clock could have been triggered was August 2, 2010—the date the detainer was lodged.  The 120-day clock under Article 4 was triggered upon Mr. Rouse's arrival in New Mexico on September 10, 2010.

Assuming the facts alleged by Mr. Rouse, his sentencing on March 16, 2011 exceeded the 180-day Article 3 deadline by approximately 52 days and the Article 4 deadline approximately 46

days.  Mr. Rouse fails to allege any facts from which the Court could infer prejudice resulted from these purported delays.  The only prejudice he claims is that he is "not able to continue the rehabilitation and programs in California (nor N.M.)[.]"  [Doc. 11 at 5.]  These are merely reasons Mr. Rouse would prefer to be serving his sentence in California, or not at all.  They do not suggest a complete miscarriage of justice such as would support a constitutional claim.  *See Williams v. Zavaras*, No. 09-1518, 2010 WL 653320, *1 (10th Cir. Feb. 24, 2010) (unpublished) (absent showing of prejudice of constitutional magnitude, an alleged IAD violation is merely a statutory argument, not a constitutional claim).

The claim also fails to the extent it can be construed as alleging a violation of the Sixth Amendment's speedy trial guarantee.  "A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant."  *Harvey v. Shillinger*, 76 F.3d 1528, 1533 (10th Cir. 1996) (citations and quotation marks omitted).  The reason for the delay in Mr. Rouse's case—if indeed there was delay—is not in the record.  However, the Court need not inquire into the reason or the other factors unless the delay is "presumptively prejudicial."  *Harvey*, 76 F.3d at 1533 (listing Tenth Circuit cases finding delays of up to eight months not presumptively prejudicial).  Delays similar to those alleged by Mr. Rouse have been held insufficient to support habeas relief absent prejudice to the petitioner's ability to present a defense.  *See, e.g.*, *Reed v. Farley*, 512 U.S. 339, 353 (1994) (commencement of trial 54 days after expiration of 120-day IAD deadline not grounds for habeas relief).  Mr. Rouse has not alleged any prejudice caused by the purported delay.  Accordingly, his Petition does not state a Sixth Amendment violation.

### 2.      Ground Two:  Failure to return Mr. Rouse to California

Mr. Rouse claims California has jurisdiction and New Mexico refuses to return him there.

7

[Doc. 3 at 6.]  The Court construes this claim as alleging that New Mexico lost jurisdiction to prosecute him because it did not comply with IAD deadlines.  Given the Court's conclusion that New Mexico's alleged failure to comply with the IAD is not a basis for habeas relief in his case, this claim also lacks merit and should be denied.  To the extent Mr. Rouse is complaining of New Mexico's failure to give effect to the sentencing judge's recommendation that the sentence be served in California, the Court addresses the claim below in connection with Ground Six.

### 3.      Ground Three:  Denial of Credit for Pre-sentence Confinement

Mr. Rouse claims he was not given full credit on his current New Mexico sentence for all the time he spent incarcerated pursuant to the request of New Mexico.  [Doc. 3 at 8.]  Specifically, he alleges there are two periods of confinement for which he did not receive credit:  (1) a 21-day period from December 15, 2008 to January 5, 2009 when he was "housed in L.A. County Jail awaiting extradition from jumping bail"; and (2) the period from August 2, 2010, when the detainer was lodged, to September 25, 2010, when he arrived in New Mexico.  [Doc. 11 at 5.]

Mr. Rouse's claim regarding the denial of credit for pre-sentence confinement is a matter of state law that does not implicate the United States Constitution.  *See Wishom v. Roberts*, 37 F. App'x 338 (10th Cir. 2002) (unpublished).  The denial of credit for pre-sentence incarceration under state law is not grounds for habeas relief if it did not result in a sentence that exceeds the permitted range under state law and the procedure was not fundamentally unfair.  *Aycox v. Lytle*, 196 F.3d 1174, 1179 (10th Cir. 1999).  Even if the state failed to follow its own law, the claim is not grounds for habeas relief unless the deprivation was "arbitrary in the constitutional sense" such that it "shock[s] the judicial conscience."  *Id.* at 480 (citation and quotation marks omitted).

Here, there is no indication Mr. Rouse received a sentence in violation of state law or that the procedure was unfair.  The New Mexico statute that governs credit for pre-sentence confinement

states:

> A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

NMSA 1978, § 31-20-12 (1977).

The record indicates Mr. Rouse was given credit for 382 days of pre-sentence confinement. [Doc. 20-1 at 4.]  The credit he thus received substantially exceeds the length of time he was incarcerated after the detainer was lodged.  The Court's conscience is not shocked by the sentencing judge's alleged failure to award Mr. Rouse an additional 75 days' credit.  There is no indication the sentence imposed was unfair or exceeded the statutory maximum.  Accordingly, he is not entitled to habeas relief on this claim.

### 4.     Ground Four:   Failure of California officials to provide accurate information

Mr. Rouse alleges that while he was still incarcerated in California prior to the New Mexico detainer, he requested officials there to inform him of any potential holds, warrants, or detainers. [Doc. 3 at 9.]  California officials allegedly told him he had no warrants—information he knew at the time or eventually learned was inaccurate when New Mexico lodged the detainer against him several months later.  [Id.; Doc. 11 at 2.]  According to Mr. Rouse, the failure of California officials to provide accurate information hindered his ability to make an effective or timely speedy trial request under the IAD.  [Doc. 11 at 2.]

The purported violation of the IAD he describes falls far short of establishing a fundamental defect of constitutional magnitude.  To the extent California authorities informed him in February 2010 that there was no New Mexico detainer, that information was correct.  The detainer at issue here was not lodged until August 2010.  Furthermore, as discussed above, the Court rejects the

notion that Mr. Rouse could make an anticipatory speedy trial request under the IAD.  Thus, California's failure to predict the New Mexico detainer could not have caused an IAD speedy trial delay.  The Court concludes Ground Four does not state a cognizable claim for habeas relief.

## 5.    Ground Five:  Ineffective Assistance of Counsel

Mr. Rouse claims his public defender was ineffective for failing to present his *pro se* motions or argue the IAD detainer issue, and that his counsel failed to take a timely appeal.  [Doc. 3 at 11; Doc. 44.]  The Court concludes Mr. Rouse's ineffective assistance of counsel claim is without merit.

To establish an ineffective assistance of counsel claim warranting habeas relief, the petitioner must show that counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness, and the defense was thereby prejudiced.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The key question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.*  Mr. Rouse's claim fails to meet this standard.

The IAD deadlines Mr. Rouse claims New Mexico violated are not absolute; they are subject to continuances for good cause.  NMSA 1978, § 31-5-12, Arts. 3A, 4C.  Furthermore, "[s]cheduling matters are plainly among those for which agreement by counsel generally controls."  *Hill*, 528 U.S. at 115.  Thus, an attorney may waive IAD deadlines without the consent of the client.  *Id.* (holding that benefit or detriment of speedy trial delays under the IAD are matters for counsel to assess).  If "there is no colorable claim of a Sixth Amendment speedy trial violation...there is no objectively unreasonable performance by...counsel."  *Scott v. Murphy*, 343 F. App'x 338, 341 (10th Cir. 2009) (unpublished).  What arguments to pursue also are decisions that generally are left to counsel.  *Hill*, 528 U.S. at 115.

As discussed above, Mr. Rouse has not presented a colorable Sixth Amendment claim.  He

has not shown he was prejudiced by his counsel's alleged refusal to present *pro se* motions or argue the IAD issues, nor is there any indication these matters were subjects for a meritorious appeal. Accordingly, the ineffective assistance of counsel claim should be denied.

### 6.     Ground Six:  Potential California detainer

Mr. Rouse's final claim is that "New Mexico is trying to get California to place a detainer." [Doc. 3 at 11.]  New Mexico's motivation for the California detainer, according to Mr. Rouse, is to arrange matters so that he must spend his period of incarceration in New Mexico rather than in California, contrary to the recommendation of the sentencing judge.  [Id.]

The judgment and sentence against Mr. Rouse includes a recommendation by the sentencing judge that Mr. Rouse be transferred to California to serve his sentence in a facility there.  [Doc. 20-1 at 2.]  Mr. Rouse complains this recommendation has not been given effect, and also appears to object that New Mexico is not adhering to IAD procedures.  [Doc. 3 at 11; Doc. 11 at 5.]

It is arguable that this claim, which attacks the location where the sentence to served, arises under § 2241 rather than § 2254.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (noting "hybrid" nature of petition that attacked both fact and duration of sentence as well as its execution). Regardless whether it fits best under § 2241 or § 2254, the claim is without merit.  Mr. Rouse has no federal constitutional right to incarceration in any particular prison.  *Id.* at 866.  Thus, whether he is challenging New Mexico's refusal to carry out the sentencing judge's recommendation or whether his claim stems from the IAD, it is not cognizable in habeas.

### D.     Claims for summary and default judgment

Given the Court's conclusion that Mr. Rouse's habeas claims are without merit and should be dismissed, the Court will recommend that his Motion for Summary Judgment [Doc. 32] and his Motion for Default Judgment [Doc. 40] be denied.

E.        **Claim for injunctive relief**

Mr. Rouse has filed documents that, liberally construed, are requests for a preliminary injunction.  [Doc. 8 (letter); Doc. 31 (notice).]  Mr. Rouse complains of harassment at the hands of prison officials, allegedly in retaliation for pursuing claims against them; he also claims they engage in other "tactics" to discourage his legal pursuits.  [Doc 8; Doc. 31.]  The relief he requests is for the Court to place him in "federal holding until this situation is resolved."  [Doc. 8 at 2.]

The Court first notes that Mr. Rouse has been transferred to another facility since he filed both these requests for injunctive relief.  [Doc. 35 (notice of change of address).]  The requests may therefore be moot.  To the extent they are not moot, they should be denied because Mr. Rouse has not met the heavy burden necessary to establish entitlement to injunctive relief pending the outcome of litigation.

A preliminary injunction is an extraordinary equitable remedy "designed to preserve the relative positions of the parties until a trial on the merits can be held."  *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (citation and quotation marks omitted).  To obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury if the preliminary injunction is denied; (3) that the threatened injury outweighs the injury to the defendant caused by the preliminary injunction; and (4) that an injunction is not adverse to the public interest.  *Aid for Women v. Foulston*, 441 F.3d 1101, 1115 (10th Cir. 2006).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Id.* (citations and quotation marks omitted).

The Court need proceed no further than the first element.  Mr. Rouse has not shown there is a substantial likelihood he will succeed on the merits.  To the contrary, the Court has concluded he should not succeed.  Furthermore, a review of the docket indicates that any alleged retaliatory

conduct by prison officials has not inhibited Mr. Rouse in pursuing either this lawsuit or several others he is simultaneously prosecuting in this District.[3]  He has engaged in a prolific motion practice; in this case alone he has filed excess of 20 documents in five months.  Based on these facts, there is not a clear, unequivocal right to the injunctive relief Mr. Rouse requests.

## III.    RECOMMENDATION

The Court recommends:

(1)      the Petition [Doc. 3], filed May 11, 2011, be dismissed with prejudice;

(2)      Petitioner's Motion for Summary Judgment [Doc. 32] and Motion for Default Judgment [Doc. 40] be denied; and

(3)      Petitioner's claims for injunctive relief [Docs. 8, 31] be denied.

_____
**DON J. SVET**
**United States Magistrate Judge**

---

[3] *Rouse v. Cruz*, 1:10-cv-1049 JAP/GBW; *Rouse v. Baca*, 1:11-cv-433 MV/CG; *Rouse v. Martinez*, 1:11-cv-631 RB/WDS.