IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.                                               No. CV 11-0405 JH/SMV

ANTHONY ROMERO,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(b)(3)(A), on Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 105). The amended petition raises two grounds, identified as "Jurisdictional Issues" and "California Discharged Sentence." Petitioner subsequently filed a letter (Doc. 106) attempting to distinguish the issues in the new petition from those he originally raised in this proceeding. The Court will dismiss the amended petition for lack of jurisdiction.

Typically at this point in a civil proceeding, Petitioner would face the threshold hurdle under the Federal Rules of Civil Procedure requiring the opposing party's consent or leave of the Court before filing an amended pleading. *See* Fed. R. Civ. P. 15(a)(2). Because Petitioner is pro se, the Court could liberally construe the amended petition as a motion for leave to amend with attached proposed amendment. *See* D.N.M.LR-Civ. 15.1; *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Thus construed, Petitioner's motion would be denied on the basis of futility of amendment, *see United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009), as described below. The statutory gatekeeping rules governing second or successive petitions, however, appear to trump the rules governing amended pleadings. *See United States v. Nelson*, 465

F.3d 1145, 1148 (10th Cir. 2006) ("if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). As discussed below, the Court must dismiss the amended petition rather than deny leave to amend.

Petitioner's amended claims amount to a second or successive habeas corpus petition filed without authorization from the Court of Appeals for the Tenth Circuit. Petitioner's first claim (Ground One) in the amended petition is based on the assertion that New Mexico courts and corrections officials failed to return Petitioner to California to serve his sentence. This claim has been adjudicated, *see* Doc. 47 p. 11; Doc. 58; and the Court of Appeals for the Tenth Circuit denied a certificate of appealability on this claim, *see* Doc. 66 p. 5. A habeas corpus claim that has been adjudicated may not relitigated without authorization from the appellate court. *See* § 2244(b)(3)(A).

In Ground Two of the amended petition, Petitioner alleges that his California sentence has expired and California has discharged him. He argues that his New Mexico sentence, which was imposed concurrent with his California sentence, must therefore also be discharged. This is a new claim that the Court may not consider without appellate authorization. "[Petitioner]'s amendments were new claims, and as such, his motion must be interpreted as a successive petition." *United States v. Arriola-Perez*, 449 F. App'x 762, 765 (10th Cir. 2011) (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). Authorization is required even though this claim is more properly viewed as brought under 28 U.S.C. § 2241. *See Shabazz v. Keating*, No. 00-6149, 2000 WL 1763456, at \*\*2 (10th Cir. Nov. 30, 2000).

The rule requiring appellate authorization for a second or successive petition applies not only post-judgment, but also in a pending proceeding.

Indeed, § 2244(b) may not be circumvented by injecting new claims into a habeas

> action even while it is still pending *in the district court*. In *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000), we held that the district court correctly "treat[ed][a] supplemental [§ 2255] motion as a successive petition instead of as an amendment which related back to his timely [original] motion," where it "was not clarifying, but instead sought to assert claims totally separate and distinct . . . from those raised in [the] original motion."

*Ochoa v. Sirmons*, 485 F.3d 538, 541 n. 3 (10th Cir. 2007) (italics and brackets in original; internal citations omitted). "To the extent [Petitioner] seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition." *In re Olesen*, 447 F. App'x 868, 871 n. 4 (10th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005).

Because Plaintiff's amended petition is a second or successive petition, the Court, as noted above, "does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d at 1148; *and cf. Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.' "); *United States v. Chacon*, 421 F. App'x 790, 791 (10th Cir. Nov. 30, 2010) (directing lower court to dismiss successive § 2255 petition without prejudice). The petition therefore must be dismissed or transferred to the Court of Appeals for the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

The Court of Appeals for the Tenth Circuit has noted several factors that must be considered in determining whether to transfer or dismiss a petition. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *and see In re Cline*, 531 F.3d at 1252 (weighing *Trujillo* factors before transferring second § 2255 motion). The first of these factors is whether a new habeas proceeding against Respondent would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150

3

(10th Cir. 2000). Under rules governing § 2241 petitions, it appears that Petitioner's first amended habeas claim may now be time barred. *See Klein v. Franklin*, 437 F. App'x 681, 683 (10th Cir. 2011) ("This limitations period . . . applies to petitions for habeas relief under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254.").

The other two factors in *Trujillo* are whether Petitioner's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4, and whether the petition is "filed in good faith," *Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Petitioner's first amended claim has been adjudicated and thus, being reasserted, lacks merit or good faith. His second claim is based on the clearly erroneous, even frivolous, proposition that expiration of the shorter of two concurrent sentences terminates the other. *Cf. Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009) (rejecting assertion that expiration of shorter of two concurrent sentences ends "custody" for longer sentence). The amended petition is not filed in good faith. Under the rulings in *Cline*, *United States v. Nelson*, and *Thornbrugh v. United States*, the Court will dismiss Petitioner's amended petition for lack of jurisdiction.

IT IS THEREFORE ORDERED that Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 105) is DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE