IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.                                                No. 11-cv-0405 JCH/SMV

ANTHONY ROMERO,

    Respondent.

### ORDER

THIS MATTER is before the Court on the following motions:

1. Petitioner's [Second] Motion for Release on own Recognizance [Doc. 90], filed on December 17, 2013;

2. Petitioner's Motion for Expedited Ruling on Doc. #90 . . . [Doc. 129], filed on April 24, 2013;

3. Petitioner's Notice Re: Petitioner's Restricted Access to Law Assistant [Doc. 99], filed on January 17, 2013;

4. Respondent's Motion to Strike . . . [Doc. 101], filed on January 22, 2013; and

5. Petitioner's [Eighth] Motion for Expedited PFRD [Doc. 130], filed on April 24, 2013;

6. Petitioner's [Ninth] Motion to Request Expedited Ruling [and to Strike Respondent's Filing] [Doc. 131], filed on April 26, 2013.

7. Petitioner's Motion for Emergency Injunction [Doc. 133], filed on May 1, 2013.

The Court has thoroughly reviewed the motions, their briefing, and the entire record. Being fully advised in the premises, the Court will DENY all of the motions.

### Background

Petitioner initiated this action on May 10, 2011, pursuant to 28 U.S.C. § 2254, challenging his state-court conviction for unlawfully taking a motor vehicle ($2,500 or more).

[Doc. 1]; RP0100[1]. Respondent answered on July 12, 2011, raising the affirmative defense of failure to exhaust state-court remedies. [Doc. 20]. The Honorable Don J. Svet, United States Magistrate Judge, issued his Proposed Findings and Recommended Disposition (PF&RD) on November 29, 2011. [Doc. 47]. Judge Svet did not make a finding on exhaustion, and instead, recommended that Petitioner's claims failed on the merits. [Doc. 47] at 3–4. Judge Svet later retired, and the undersigned was assigned to the case on February 1, 2012. [Doc. 57]. The presiding judge, the Honorable Judith C. Herrera, United States District Judge, adopted Judge Svet's PF&RD over Petitioner's objections and dismissed the case with prejudice on March 6, 2012. [Doc. 58].

Petitioner appealed to the Tenth Circuit Court of Appeals. [Doc. 60]. On October 1, 2012, the Tenth Circuit granted a Certificate of Appealability (COA) on two ineffective-assistance-of-counsel claims, denied COA on the remaining claims, and ordered Respondent to file a responsive brief. [Doc. 66]. Respondent requested an extension of time to submit his responsive brief or, in the alternative, a voluntary remand "for a hearing and consideration of the state court record." [Doc. 88-1] at 1. On October 23, 2012, the Tenth Circuit granted the voluntary remand. [Doc. 67-1] at 2. After two more appeals by Petitioner, the Court is currently reviewing the case in light of the remand and is also reviewing Petitioner's filings related to his attempts to assert new and already adjudicated claims.[2]

---

[1] Citations to RP#### are to the Record Proper, which is lodged in the Court's records department and a copy of which has been provided to Petitioner, *see* [Doc. 74].
[2] On January 30, 2013, Petitioner attempted to file a second § 2254 Petition [Doc. 105]. He attempted to re-raise an issue on which the Tenth Circuit had denied COA and he attempted to raise a new claim. *Id.* The Court dismissed the petition for lack of jurisdiction as a second or successive petition. [Doc. 110]. Petitioner appealed the dismissal to the Tenth Circuit, and the appeal was dismissed on March 19, 2013. [Doc. 125]. Petitioner has asked the Court

### 1. **Petitioner's [Second] Motion for Release on own Recognizance [Doc. 90]**

Petitioner first requested release on his own recognizance on October 30, 2012, pending ruling by the Tenth Circuit Court of Appeals on one of his appeals. [Doc. 68]. The Court denied the motion as moot on November 30, 2012, because the Tenth Circuit had since issued its ruling. [Doc. 75]. Now, Petitioner again asks for release on his own recognizance. [Doc. 90]. The basis for his motion is not clear. *See id.* He simply recounts the procedural posture of the case and concludes that he should be released. *Id.* at 1. The Court will deny the motion because Petitioner has shown neither "exceptional circumstances" to warrant release nor "a clear case on the merits." *See Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (identifying the standard for bond pending federal habeas review).

### 2. **Petitioner's Motion for Expedited Ruling on Doc. #90 . . . [Doc. 129]**

Petitioner seeks an expedited ruling on his motion for release on his own recognizance. [Doc. 129]. The Court will deny the motion as moot because it is denying his motion for release herein.

### 3. **Petitioner's Notice Re: Petitioner's Restricted Access to Law Assistant [Doc. 99]**

Petitioner "asks the Court to take necessary steps to insure [sic] that Petitioner is able to have even keeled [sic] access to the Courts." [Doc 99] at 1. The Court will deny the motion for several reasons. First, it is unclear what relief Petitioner requests. Second, Petitioner has no constitutional right to a "law assistant." *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that prisoners have no "abstract, freestanding right to a law library or legal assistance"). Third,

---

for expedited reconsideration of its dismissal [Doc. 119, 128]. Moreover, Petitioner attempted to file a third petition—this time under 28 U.S.C. § 2241—on March 21, 2013. [Doc. 118].

this action challenges Petitioner's state-court *conviction* under 28 U.S.C. § 2254, and thus, to the extent he challenges the *conditions of his confinement*, such claim should be raised under 42 U.S.C. § 1983.  More importantly, however, Petitioner alleges no actual injury.  *See Casey*, 518 U.S. at 349–50.  In fact, his access to this Court does not appear to be hindered at all.  He has submitted more than 80 filings in this case—including two appeals to the Tenth Circuit, one petition to the Tenth Circuit for a writ of mandamus, and one petition for writ of certiorari to the United State Supreme Court—and at least three civil rights actions in this Court.[3]

### 4. Respondent's Motion to Strike . . . [Doc. 101]

Respondent moves the Court to strike [Doc. 100] as an improper surreply.  [Doc. 101] at 1 (citing D.N.M.LR-Civ. 74(b)).  Upon remand by the Tenth Circuit, this Court held a telephonic status conference to assess how the case should proceed.  Clerk's Minutes [Doc. 89].  In order to help clarify whether a hearing was needed on remand, Respondent filed on the record in this Court a copy of his voluntary motion for remand, which originally had been filed in the Tenth Circuit.  [Doc. 88].  The filing requested no relief; it merely assisted the Court in determining whether a hearing was warranted on remand.  *See* [Doc. 88].  Petitioner "responded" to the filing, arguing that the case should not have been remanded and alleging that Respondent committed perjury in the motion before the Tenth Circuit.  [Doc. 93].  Respondent "replied," explaining his actions and denying any improper action.  [Doc. 95].  Petitioner then "sur-replied," repeating his accusations.  [Doc. 98].

---

[3] *See* [Docs. 1, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 60, 65, 68, 69, 71, 78, 81, 82, 85, 86, 87, 90, 91, 92, 93, 96, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 111, 112, 114, 118, 119, 120, 121, 123, 126, 127, 128, 129, 130, 131, 133]; case numbers 10-cv-1094 JAP/GBW, 11-cv-0433 MV/CG, 11-cv-0631 RB/WDS, 12-cv-1020 RB/WPL.

The Court will deny Respondent's motion to strike [Doc. 100] as moot because D.N.M.LR-Civ. 74(b) relates to *motions*, and [Doc. 88], the underlying filing is not a motion.

### 5. Petitioner's [Eighth] Motion for Expedited PFRD [Doc. 130] and
### 6. Petitioner's [Ninth] Motion to Request Expedited Ruling [and to Strike Respondent's Filing] [Doc. 131]

Petitioner requests an expedited ruling because he asserts that he will be released in either May or June of 2013 and "justice would not be served if this were to happen." [Doc. 130] at 1; *see* [Doc. 131].[4] In a previous filing, Petitioner explained that this action would become moot if he were released. [Doc. 121] at 1 ("I have until May 13th 2013 and the very case that is being challenged will be over thus negating as moot the relief being asked for.");[5] [Doc. 108] at 1 (Petitioner expresses concern that he will be paroled, which will "force" him to stay in New Mexico where he has no ties or resources). Of course release alone does not render a § 2254 petition moot. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1138–1139 (10th Cir. 2009). Therefore, even if Petitioner were correct, and even if he were going to be released soon, his release alone would not render his petition moot. Accordingly, the motion will be denied.

The Court reminds Petitioner that much of the delay in this case is his own doing. He has filed more than 80 documents, many of which repeat the same information and arguments over

---

[4] Petitioner has previously requested an expedited ruling seven times since November of 2012. [Docs. 69, 92, 96, 104, 108, 126, 127]. However, ruling was delayed pending disposition of Petitioner's petition for writ of certiorari to the United State Supreme Court, which was denied on January 14, 2013, [Doc. 97], and pending his second appeal to the Tenth Circuit Court of Appeals, which was filed on March 18, 2013, [Doc. 114], and resolved on April 18, 2013 [Doc. 125]. As explained *supra*, the Court is reviewing Petitioner's filings related to his attempts to assert new claims and reviewing the case in light of remand.

[5] Respondent contends that Petitioner's release date is actually April 4, 2014. [Doc. 122] at 3. Respondent explains that Petitioner lost 527 days' worth of good-time credits because he forged documents in an attempt to secure an earlier release. *Id.* at 2–3. Petitioner nevertheless insists his release is imminent. *See* [Doc. 127] at 1–2; [Doc. 131].

5

and over again.  If Petitioner desires an expeditious ruling, he should refrain from filing duplicative documents and information because they serve only to increase the delay.

### 7. Petitioner's Motion for Emergency Injunction [Doc. 133]

Petitioner asks the Court "to enter an injunction against the Defendant(s) preventing any parole paperwork from being submitted [or] to vacate the process as well as shred and delete from their systems all information dealing with the preparation and submission of a parole plan." [Doc. 133] at 2.  The Court declines to enter such an injunction because this action is limited to Petitioner's challenge to his state-court conviction.  The manner by which his sentence is being carried out is not before the Court.  *See generally* 28 U.S.C. § 2241; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (outlining some of the distinctions between §§ 2254 and 2241).

He also asks to be released on his own recognizance, to be transported to California, and for "gatemoney" for the trip.  [Doc. 133] at 3.  For the reasons cited in section 1, *supra*, the Court will deny the motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

1. Petitioner's [Second] Motion for Release on own Recognizance [Doc. 90] is **DENIED**;

2. Petitioner's Motion for Expedited Ruling on Doc. #90 . . . [Doc. 129] is **DENIED**;

3. Petitioner's Notice Re:  Petitioner's Restricted Access to Law Assistant [Doc. 99] is **DENIED**;

4. Respondent's Motion to Strike . . . [Doc. 101] is **DENIED**;

5. Petitioner's [Eighth] Motion for Expedited PFRD [Doc. 130] is **DENIED**;

6. Petitioner's [Ninth] Motion to Request Expedited Ruling [and to Strike Respondent's Filing] [Doc. 131] is **DENIED**; and

7. Petitioner's Motion for Emergency Injunction [Doc. 133] is **DENIED**.

   **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**