# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

      Petitioner,

v.                                                                              No. CV 11-0405 JH/SMV

ANTHONY ROMERO,

      Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court on Petitioner's Motion to Withdraw Doc #114 Appeal and to Properly Relabel It as a "Motion for Rehearing" (Doc. 119) ("motion to withdraw/reconsider") and his Motion for Expedited Ruling on Doc #119 (Doc. 128).  Also before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(b)(3)(A), is Petitioner's Emergency Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 118). For reasons set out below, the Court will dismiss for lack of jurisdiction the motion to withdraw/ reconsider and the emergency petition, and will deny as moot the motion for expedited ruling.

      By non-final order (Doc. 110) entered on March 18, 2013, the Court dismissed Petitioner's proposed amended petition (Doc. 105).  Petitioner then filed his "Appeal of Doc 110" (Doc. 114), which the Clerk properly entered on the docket as a notice of appeal from the dismissal order.  When the appeal was lodged in the Court of Appeals for the Tenth Circuit, Petitioner filed his motion to withdraw/reconsider, seeking two forms of relief: withdrawal (dismissal) of the appeal and reconsideration of the order that dismissed his amended petition.

      First, this Court could not have ordered the withdrawal of Petitioner's appeal.  The order dismissing the amended petition was not a final order, and thus the appeal did not divest this Court

of jurisdiction in this case.  *See Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979).  Nonetheless, this Court had no authority to dismiss the actual appeal.  Once the notice of appeal was forwarded to the Court of Appeals, Petitioner could "withdraw" his appeal only by moving to dismiss at the appellate court.  *See* Fed. R. App. P. 42.  More importantly, the matter is moot at this point because the Court of Appeals has dismissed the appeal (Doc. 125). The motion to withdraw will be denied.

Second, Petitioner asserts that his "Appeal of Doc #110" (Doc. 114) was meant as a motion for reconsideration.  As noted above, the Court's jurisdiction of the motion had not been divested by the appeal, *see Century Laminating, Ltd.*, 595 F.2d at 567; the Court had merely "decline[d] to act further until disposition of the appeal," *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976).  Now that Petitioner has clarified his intentions and the appeal has been dismissed, the Court will consider the motion for reconsideration.  *See Jackson v. Champion*, No. 12-5160, 2013 WL 440721, at *1 (10th Cir. Feb. 6, 2013) (dismissing appeal of a "mixed" order denying rule 60(b) claims and dismissing second or successive claims).

Petitioner's motion for reconsideration attacks the order (Doc. 110) that dismissed his amended petition (Doc. 105).  In a habeas corpus proceeding, a motion to reconsider an order dismissing a petition may constitute a second or successive petition.  "[A] ' "true" ' 60(b) motion . . . 'challenges a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*.' " *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) (citation omitted) (italics in *Pickard* opinion).  By contrast, "a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding."  *Id.*  Here, Petitioner attacks the Court's conclusion that the

2

primary claim in his amended petition is "based on the clearly erroneous, even frivolous, proposition that expiration of the shorter of two concurrent sentences terminates the other."  *Cf. Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009) (rejecting assertion that expiration of shorter of two concurrent sentences ends "custody" for longer sentence).  Petitioner argues that the Court misunderstood the sentences that had been imposed on him.  This assertion "*lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition*," *Pickard*, 681 F.3d at 1206, and the motion is thus a second or successive petition, *see id.*  For the reasons set forth in the earlier order (Doc. 110), the motion for reconsideration will be dismissed for lack of jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

In addition to his two motions, Petitioner has filed an Emergency Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus.  Because the emergency petition raises issues that are already before the Court, the Clerk entered it on the docket of this pending case.  *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (noting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  The emergency petition again challenges sentencing matters in the same criminal proceeding and is thus a second or successive petition.  *See See Shabazz v. Keating*, No. 00-6149, 2000 WL 1763456, at **2 (10th Cir. Nov. 30, 2000).  For substantially the same reasons set out in the earlier order (Doc. 110) dismissing Petitioner's first amended petition (Doc. 105), the Court will dismiss Petitioner's Emergency Petition for lack of jurisdiction.  *See Cline*, 531 F.3d at 1252.

IT IS THEREFORE ORDERED that Petitioner's Motion to Withdraw Doc #114 Appeal and to Properly Relabel It as a "Motion for Rehearing" (Doc. 119) is DENIED in part as moot and DISMISSED in part for lack of jurisdiction, and the Motion for Expedited Ruling on Doc #119 (Doc. 128) is DENIED as moot;

3

IT IS FURTHER ORDERED that Petitioner's Emergency Petition Under 28 U.S.C. § 2241

for a Writ of Habeas Corpus (Doc. 118) is DISMISSED for lack of jurisdiction.


_____
UNITED STATES DISTRICT JUDGE