# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

      Petitioner,

v.                                                 **No. 11-cv-0405 JCH/SMV**

ANTHONY ROMERO,

      Respondent.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the mandate issued by the Court of Appeals for the Tenth Circuit on October 23, 2012 [Doc. 67-1], and on Petitioner's Motion for Summary Judgment [or for an Evidentiary Hearing] [Doc. 102] ("MSJ"), filed on January 13, 2013.[1]  The case was referred to me by the Honorable Judith C. Herrera, United States District Judge, for analysis and a recommended disposition.  [Doc. 84].  After meticulous review of the record and thorough analysis, I recommend that the case be dismissed without prejudice for failure to exhaust state-court remedies and that Petitioner's MSJ be denied as moot.

## Background

Pursuant to 28 U.S.C. § 2254, Petitioner[2] challenges his state-court conviction in case number D-202-CR-200704768.  [Doc. 3].  He pleaded no contest in state court on March 16,

---

[1]   Recommendation of a disposition of this action has been repeatedly delayed by various filings by Petitioner, including two appeals.  The Tenth Circuit issued its mandate on October 23, 2012.  [Doc. 67].  Petitioner requested a writ of certiorari to the Supreme Court of the United States on December 3, 2012, [Doc. 79], which was denied on January 14, 2013, [Doc. 97].  Then, on February 11, 2013, Petitioner attempted to amend his Petition, which was denied as an impermissible second or successive petition.  [Doc. 110].  Petitioner appealed that decision, too, [Doc. 114], and the appeal was ultimately denied by the Tenth Circuit Court of Appeals on April 18, 2013, [Doc. 125].  With the appeals disposed of, I may address the case.
[2]   Petitioner is proceeding pro se and *in forma pauperis*.

2011, and was adjudged guilty of the unlawful taking of a motor vehicle ($2,500 or more), a third degree felony.  [Doc. 20-1] at 1.  He was found to be a habitual offender and sentenced to a term of seven years, with three of the years suspended, for an actual term of imprisonment of four years.  *Id.* at 2.  Petitioner attempted to file a direct appeal pro se in March or April of 2011, [Doc. 7] at 14, but he explains that it was never docketed because it was not notarized [Doc. 24] at 2.  Apparently, Petitioner did not pursue his direct appeal further and, at that time, did not seek habeas relief in the state courts.

On May 5, 2011, Petitioner filed the instant Petition for Habeas Corpus Relief Under § 2254.  [Doc. 3].  Respondent answered on July 12, 2011.  [Doc. 20].  Respondent did not address Petitioner's substantive claims and, instead, argued that the Petition should be dismissed for failure to exhaust any state-court remedies.  [Doc. 20] at 1, 7–9.

On November 29, 2011, the Honorable Don J. Svet, United States Magistrate Judge, issued his Proposed Findings and Recommended Disposition (PF&RD) to dismiss this case on the merits, irrespective of the issue of exhaustion.[3]  [Doc. 47].  Judge Svet made no finding either way on Respondent's affirmative defense of failure to exhaust.  [Doc. 47] at 3–4.  Judge Herrera adopted the PF&RD over Petitioner's objections on March 6, 2012, and the case was dismissed with prejudice.  [Doc. 58].  Petitioner appealed some, but not all, of his claims.  [Doc. 66] at 4.

On October 1, 2012, the Tenth Circuit granted a Certificate of Appealability (COA) on two ineffective-assistance-of-counsel claims,[4] denied COA on the remaining claims, and ordered

---

[3]  Judge Svet later retired, and the undersigned was assigned to the case on February 1, 2012.  [Doc. 57].
[4]   The two ineffective-assistance-of-counsel (IAC) claims are that his trial counsel was ineffective for failing to honor Petitioner's request to appeal his conviction and for failing to pursue an argument that the charge against him should be dismissed for failure to comply with the Interstate Agreement on Detainers Act.  [Doc. 66] at 6–7.

Respondent to file a responsive brief.  [Doc. 66].  Respondent requested an extension of time to submit his responsive brief, or in the alternative, a voluntary remand "for a hearing and consideration of the state court record."  [Doc. 88-1] at 1.  On October 23, 2012, the Tenth Circuit granted the voluntary remand.  [Doc. 67-1] at 2.  Respondent supplemented the record before this Court on November 8, 2012.  [Doc. 70].  I held a telephonic status conference on December 13, 2012.  [Doc. 89].  After two more appeals by Petitioner, the case finally appears ripe to proceed.  *See supra* note 1.

### Exhaustion

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may grant habeas relief.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).

To satisfy the exhaustion requirement, a habeas applicant must fulfill "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Dever v. Kan. State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994) ("The

exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack."). This requirement allows state courts "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)). "Congress has emphatically directed [courts] that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)).

A State may waive exhaustion, but such a waiver must be express and through counsel. 28 U.S.C. § 2254(b)(3). Once the respondent raises lack of exhaustion as an affirmative defense, the applicant bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile under § 2254(b)(1)(B). *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

In the case at bar, Petitioner makes numerous arguments in response to Respondent's affirmative defense of lack of exhaustion. For example, he claims that he had attempted to exhaust but was abused in prison, after which he decided that his "only remedy lay in 'federal hands' instead of the same 'state hands' that physically ASSAULTED [him]." [Doc. 3] at 5 (emphasis in original); *see* [Doc. 3] at 7, 12; [Doc. 27] at 1–2; [Doc. 33] at 2; [Doc. 54] at 1;

4

[Doc. 85] at 2–3; [Doc.103].[5]  He also claims that state-court exhaustion would have been futile because by the time he exhausted, his sentence would have been completed.  [Doc. 3] at 5.  He further claims that exhaustion would be futile because it was the state's "M.O." to ignore his filings.  [Doc. 43] at 1.  He asserts that the state courts had not responded to his attempts to exhaust, so he was not able to appeal.  [Doc. 3] at 12; [Doc. 18] at 2; [Doc. 23] at 1; [Doc. 24] at 2 ("Procedurally the State has given up on their standing."); [Doc. 27] at 1–2; [Doc. 28] at 2; [Doc. 33] at 3 ("The record shows unequivically [sic], the Plaintiff attempted to pursue state remedies in both N.M. and California Courts and N.M. prison system."); [Doc. 27] at 2; [Doc. 43] at 1.  He asserts that the state attorney general was thwarting his attempts to exhaust. [Doc. 27] at 2.  He argues that lack of exhaustion is not a bar to review.  [Doc. 33] at 3, 5.

Finally, Petitioner asserts that he has, in fact, exhausted his state-court remedies. [Doc. 45] at 1; [Doc. 65] at 2.  As evidence, Petitioner points to the state's response to his petition for writ of certiorari to the New Mexico Supreme Court on one of his state-habeas actions.[6]  [Doc. 50].[7]  The response indicates that Petitioner did, in fact, appeal the denial of a state habeas claim to the New Mexico Supreme Court on September 27, 2011, and the state responded on November 2, 2011.  [Doc. 50] at 4.  The response also indicates that Petitioner raised several claims in his state habeas petition, including IAC but that he abandoned his IAC

---

[5] These allegations of prison abuse are the subject of two civil rights actions filed by Petitioner numbered 11-cv-0433 MV/CG and 12-cv-1020 RB/WPL.

[6] Petitioner reported that he had filed a direct appeal, two state habeas petitions, and one petition for writ of certiorari on one of the habeas petitions but not the other.  [Doc. 54] at 2.

[7] On December 21, 2011, Judge Svett denied Petitioner's motion to submit more evidence on exhaustion [Doc. 50] as irrelevant at that time because Judge Svet had recommended dismissal without making any finding on exhaustion. *See* [Doc. 56].  Nevertheless, the Court has thoroughly reviewed all of the material submitted in Doc. 50 and the entire record.

claim and did not raise it in his petition for certiorari. *Compare id.* at 5 (listing claims in underlying habeas petitioner), *with id.* at 6 (listing claims raised in the certiorari petition).

In his Answer, Respondent raised the affirmative defense of failure to exhaust, [Doc. 20] at 7–9, and he has never expressly waived the defense.  Although the case has proceeded for some time with no express ruling on the exhaustion issue, Respondent is nevertheless entitled to a ruling.

I find that Petitioner failed to exhaust his state-court remedies on the two remaining IAC claims because he failed to present them to the New Mexico Supreme Court.  Because he did not fulfill one complete round of New Mexico's appellate review process, the state courts of New Mexico have not had the opportunity to pass upon and correct the alleged violations of Petitioner's federal rights.

I am not persuaded that Petitioner's *attempts* to exhaust are sufficient because § 2254(b) expressly requires exhaustion before relief may be granted.  Moreover, I find that Petitioner has failed to meet his burden to show either an absence of available State corrective process or circumstances that render such process ineffective to protect his rights because he, in fact, did exhaust some claims in the state courts. *See* [Doc. 50] at 6.  Similarly, I reject Petitioner's arguments regarding futility of exhaustion because they are belied by the fact Petitioner did exhaust some of his claims.  *See id.*

Lastly, Petitioner is correct that lack of exhaustion is not a bar to federal habeas *review*. *See* [Doc. 33] at 5 (quoting *Granberry v. Greer*, 481 U.S. 129, 131 (1987) and citing *Strickland v. Washington*, 466 U.S. 664, 684 (1984)).  However, the case that Petitioner quotes says more.

Although *Granberry* does indicate that lack of exhaustion does not bar federal review, it also clarifies that such review is not barred *where the petition is meritless*.  *Moore v. Shoeman*, 288 F.3d 1231, 1234 (10th Cir. 2002) (interpreting *Granberry*).  After all, where habeas claims are patently meritless, requiring exhaustion would only trigger useless litigation.  *Id.*  Here, Plaintiff has shown neither that he exhausted his state-court remedies on the two remaining claims nor that attempting to exhaust would be futile.  Under these circumstances, neither *Granberry* nor any other authority that I can find permits the Court to grant habeas relief.  In fact, § 2254 says just the opposite.  Thus, I reject Petitioner's argument that he may be granted relief irrespective of his failure to exhaust.  Because Petitioner has failed to exhaust his state-court remedies on the two remaining IAC claims, his Petition should be dismissed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that:

1.  The underlying Petition for Habeas Corpus Relief Under § 2254 [Doc. 3] be DENIED without prejudice for failure to exhaust state-court remedies; and

2.  Petitioner's Motion for Summary Judgment [or for an Evidentiary Hearing] [Doc. 102] be DENIED as moot.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**