IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

       Petitioner,

v.

                               No. 11-cv-0405 JCH/SMV

ANTHONY ROMERO,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 137] ("PF&RD"), issued on May 3, 2013.  The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Court dismiss the case without prejudice for failure to exhaust state-court remedies.  For the reasons stated herein, the Court, being fully advised in the premises, will overrule Petitioner's objections, adopt the PF&RD, deny Petitioner's other requests and motions, and dismiss the case without prejudice

**Background**

Pursuant to 28 U.S.C. § 2254, Petitioner[1] challenges his state-court conviction in case number D-202-CR-200704768.  [Doc. 3].  He pleaded no contest in state court on March 16, 2011, and was adjudged guilty of the unlawful taking of a motor vehicle ($2,500 or more), a third degree felony.  [Doc. 20-1] at 1.  He was found to be a habitual offender and sentenced to a

---

[1] Petitioner is proceeding pro se and *in forma pauperis*.

term of seven years, with three of the years suspended, for an actual term of imprisonment of four years. *Id.* at 2. Petitioner attempted to file a direct appeal pro se in March or April of 2011, [Doc. 7] at 14, but he explains that it was never docketed because it was not notarized [Doc. 24] at 2. Apparently, Petitioner did not pursue his direct appeal further and, at that time, did not seek habeas relief in the state courts.

On May 5, 2011, Petitioner filed the instant Petition for Habeas Corpus Relief Under § 2254. [Doc. 3]. Respondent answered on July 12, 2011. [Doc. 20]. Respondent did not address Petitioner's substantive claims and, instead, argued that the Petition should be dismissed for failure to exhaust any state-court remedies. [Doc. 20] at 1, 7–9.

On November 29, 2011, the Honorable Don J. Svet, United States Magistrate Judge, issued his Proposed Findings and Recommended Disposition (PF&RD) to dismiss this case on the merits, irrespective of the issue of exhaustion.[2] [Doc. 47]. Judge Svet made no finding either way on Respondent's affirmative defense of failure to exhaust. [Doc. 47] at 3–4. The Court adopted the PF&RD over Petitioner's objections on March 6, 2012, and the case was dismissed with prejudice. [Doc. 58]. Petitioner appealed some, but not all, of his claims. [Doc. 66] at 4.

On October 1, 2012, the Tenth Circuit granted a Certificate of Appealability (COA) on two ineffective-assistance-of-counsel claims,[3] denied COA on the remaining claims, and ordered Respondent to file a responsive brief. [Doc. 66]. Respondent requested an extension of time to submit his responsive brief, or in the alternative, a voluntary remand "for a hearing and

---

[2] Judge Svet later retired, and Judge Vidmar was assigned to the case on February 1, 2012. [Doc. 57].

[3] The two ineffective-assistance-of-counsel (IAC) claims are that his trial counsel was ineffective for failing to honor Petitioner's request to appeal his conviction and for failing to pursue an argument that the charge against him should be dismissed for failure to comply with the Interstate Agreement on Detainers Act (IADA). [Doc. 66] at 6–7.

consideration of the state court record." [Doc. 88-1] at 1. On October 23, 2012, the Tenth Circuit granted the voluntary remand. [Doc. 67-1] at 2. Respondent supplemented the record before this Court on November 8, 2012. [Doc. 70]. Judge Vidmar held a telephonic status conference on December 13, 2012. [Doc. 89]. After two more appeals by Petitioner, Judge Vidmar was finally able to make a recommendation regarding the ultimate disposition.[4]

Although the case had proceeded for some time on the merits, Judge Vidmar found that Respondent was entitled to a ruling on his affirmative defense of exhaustion. [Doc. 137] at 6. Judge Vidmar found that Petitioner failed to exhaust his state-court remedies on the two remaining IAC claims—for failing to honor Petitioner's request to appeal his conviction and for failing to pursue an argument that the charge against him should be dismissed for failure to comply with the IADA—because he failed to present them to the New Mexico Supreme Court. [Doc. 137] at 6. Since Petitioner did not fulfill one complete round of New Mexico's appellate review process, Judge Vidmar found that the state courts of New Mexico had not had the opportunity to pass upon and correct the alleged violations of Petitioner's federal rights. [Doc. 137] at 6.

At Petitioner's request, Judge Vidmar extended the 14-day deadline for objections to the PF&RD to allow Petitioner time to supplement the record with his state-court petition for certiorari, in the hopes of proving that he had, in fact, exhausted the remaining claims. [Doc. 140]. Then, on May 21, 2013, Petitioner submitted objections to the PF&RD along with

---

[4] Recommendation of a disposition of this action was repeatedly delayed by various filings by Petitioner, including two appeals. The Tenth Circuit issued its mandate on October 23, 2012. [Doc. 67]. Petitioner requested a writ of certiorari to the Supreme Court of the United States on December 3, 2012, [Doc. 79], which was denied on January 14, 2013, [Doc. 97]. Then, on February 11, 2013, Petitioner attempted to amend his Petition, which was denied as an impermissible second or successive petition. [Doc. 110]. Petitioner appealed that decision, too, [Doc. 114], and the appeal was ultimately denied by the Tenth Circuit Court of Appeals on April 18, 2013, [Doc. 125].

his original state-court habeas petition and his subsequent petition for certiorari review. [Doc. 141].   Respondent also filed the certiorari petition with arguments in support of the PF&RD.   [Docs. 142, 143].   Petitioner replied on June 4, 2013, [Doc. 149], and then he filed more objections on June 12, 2013 [Doc. 153].[5]

## EXHAUSTION

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). "Congress has emphatically directed [courts] that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)).

A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d

---

[5] True to form, Petitioner filed a slew of unnecessary and repetitive documents, which have done nothing but increase the delay in this case. *See* [Doc. 138 (containing arguments regarding his anticipated release date, which Judge Vidmar has already ruled on, [Doc. 134] at 5–6; [Doc. 144] (requesting a revised PF&RD); [Docs. 151, 152] (requesting emergency relief and release on bond); [Docs. 146, 150] (notices to disregard previous objections if revised PF&RD is to be issued); [Doc. 147] (notice that defense counsel is allegedly preventing Petitioner's release on parole); [Doc. 148] (motion to stay the 14-day objections period until a revised PF&RD is issued); [Doc. 153] (accusing defense counsel of various forms of unprofessional conduct and offering additional objections to the PF&RD).

4

1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011).  A habeas applicant must fulfill "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been *properly* presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.") (emphasis added).   To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in *each* appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). Accordingly, the exhaustion requirement is not satisfied when a petitioner's certiorari petition to the state supreme court does not assert claims that were brought in the state trial or appellate courts or when the petition asserts new claims that were not properly brought before the lower state court(s).  *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004).

### STANDARD OF REVIEW FOR OBJECTIONS
### TO MAGISTRATE JUDGE'S RECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Objection Number 1

5

Petitioner essentially makes one objection to the PF&RD.  He argues that he did, in fact, exhaust his state-court remedies for both of the remaining claims.  [Docs. 141, 149, 153].  As support, he attaches his original state-court habeas petition and his subsequent petition for certiorari review to his objections.  [Doc. 141] at 7–34.  Petitioner points to the following language in his certiorari petition:

> Not following the Rules of Articles 3, 4 and 5 of the I.A.D.A. (causing prejudice to the Plaintiff) even after Plaintiff told the Public Defender, A.D.A. and Court, wrote many pro-se Motions which were never addressed and informed Court of California's mistake in that the Warden Never Forwarded Plaintiff's request pursuant to the I.A.D.A.

***

> 3.) The Court, A.D.A., and P.D. were overly aware of I.A.D.A. situation and the fact that the Petitioner's California sentence was not completed.
> 4.) The Court, A.D.A., and P.D. were aware they had 120 days to have trial (from 9-24-10 [to] 1-22-11) or dismiss indictment or Complaint.
> 5.) Ineffective Asst. of Counsel, as no argument on any motion (pro-se) was given and it was clear Petitioner was frustrated w/ his representation.

***

> Point 4:
> Ineffective Assistance of Counsel:
> Did not argue any pro-se motion I requested her to.
> Did not file appeal

***

> (8.) On 3-16-2011 (approx.) the Plaintiff, after being denied I.A.D.A. Rule 21-5-12, rights, numerously, was pressured into signing a plea under duress.  The Plaintiff made it "crystal clear" to his Public Defender that he would not sign a guilty plea.  The P.D. told Plaintiff the only option is to sign a plea, or get 13 yrs. in prison.  The Plaintiff, after being coerced, then agreed to only sign

6

a no contest plea, in order to preserve his right to appeal and
collateral attack of the illegal judgement [sic.]

***

AS TO POINT TWO (Pg. #3) [regarding presentence
confinement credit]
The Petitioner[']s Public Defender, after being told that
Petitioner was supposed to receive more P.S.C. time in accordance
with NMSA 31-20-12 told the Petitioner he had no right to receive
pre sentence confinement credit.

[Doc. 141] at 7, 8, 9, 11, 12.  He concludes that this language constitutes "irrefutable evidence of

exhaustion."  [Doc. 141] at 2.

On de novo review, the Court finds Petitioner's objection to be without merit because,

indeed, he failed to exhaust his state-court remedies.  First, the claim before this Court for IAC

for refusing to honor his request to file a direct appeal is unexhausted.  Although Petitioner's

certiorari petition expressly alleges that his counsel was ineffective for failing to appeal, he did

not raise the issue in his original habeas petition.  Therefore, the matter was not "properly

presented" to the New Mexico Supreme Court.[6]  Because Petitioner failed to raise the issue—of

ineffective assistance of counsel for failing to honor his request to file an appeal—in his original

state-court habeas petition, it was not properly presented to the New Mexico Supreme Court.

Therefore, it is unexhausted.

The second IAC claim before this Court—for failing to pursue an argument that the

charge against Petitioner should be dismissed for failure to comply with the IADA—is also

unexhausted.  Although Petitioner raised the claim in his original state-court habeas petition,

---

[6] Moreover, the certiorari petition asserts that his attorney did not file an appeal, which is not the same as her
being ineffective for *ignoring his request* that she file an appeal.  This distinction matters because his counsel would not
have been ineffective per se for failing to appeal unless he instructed her to do so.  *See United States v. Garrett*, 402 F.3d
1262, 1265 n.4 (10th Cir. 2005).

7

[Doc. 141] at 19 ("my ineffective counselor((s) including D.A.) Refused to argue my I.A.D.A. rights"), the Court finds that he did not raise the issue in his certiorari petition.

A petitioner does not satisfy the exhaustion requirement "by presenting the state courts only with the facts necessary to state a claim for relief[;]" the specific constitutional right allegedly violated must also be identified. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988); *see also Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000) ("an isolated federal-law bloom in a garden thick with state-law references" will not serve to exhaust; "the proponent must have presented the federal claim to the state courts unveiled"); *U.S. v. Dunkel*, 927 F.2d 955, 956, 91-1 U.S. Tax Cas. (CCH) P 50216, 67 A.F.T.R.2d 91-637 (7th Cir. 1991) ("Judges are not like pigs hunting for truffles buried in briefs").

Here, Petitioner's certiorari petition fails to present the claim for IAC—based on failure to argue IADA—face-up and squarely. The portions of the certiorari petition to which he cites are oblique references that hint that a theory may have been lurking in the woodwork. The fact that he now shines a bright light on such theory is not enough. He had to have shone the light in the certiorari petition in order to give the state supreme court a fair opportunity to pass on the argument.[7] He did not. The claim is unexhausted.

---

[7] Counsel for Respondent in the state-habeas proceedings did not read the certiorari petition as claiming IAC for failing to argue IADA. *See* [Doc. 50] at 3–5. Of course, opposing counsel's interpretation of Petitioner's claims is in no way determinative. It is worth noting, however, that Petitioner himself never corrected her reading. He did not reply before the New Mexico Supreme Court to squarely assert the claim. Moreover, in briefing on the very issue of exhaustion in this Court, Petitioner himself submitted the Respondent's brief as evidence of his exhaustion but did not mention the claim. [Doc. 50].

CONCLUSION

Based on the foregoing, I find that Petitioner has not met his burden of showing that his two ineffective-assistance-of-counsel claims—for failing to honor Petitioner's request to appeal his conviction and for failing to pursue an argument that the charge against him should be dismissed for failure to comply with the Interstate Agreement on Detainers Act—are unexhausted.  Relief under § 2254, therefore, is impermissible.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Objection[s] to the PF&RD [Docs. 141, 149, 153] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 137] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment [or for an Evidentiary Hearing] [Doc. 102] is **DENIED.**

**IT IS FURTHER ORDERED** that all of Petitioner's other requests and motions [Docs. 148, 151, 152, 154, 155] are **DENIED**.

**IT IS FURTHER ORDERED** that the Petition [Doc. 3] is **DENIED** and that this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

9